IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY N. HILL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-742-BA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Nancy Hill seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court reverses the SSA's decision and remands for further proceedings.

I.      BACKGROUND

Ms. Hill applied for insurance benefits based on an alleged disability. Administrative Record at pp. 44-46 (certified Sept. 1, 2005) ("Rec."). The SSA denied the applications initially and on reconsideration. *Id.* at pp. 22-23. An administrative hearing took place,[1] which resulted in a finding of non-disability based on a conclusion that Ms. Hill could perform her past relevant work.[2] The Appeals Council declined jurisdiction,[3] and the present action followed. In part, Ms. Hill alleges error in the evaluation of her mental impairment and

---

[1]     *See* Rec. at pp. 250-80.

[2]     Rec. at pp. 19-20.

[3]     Rec. at pp. 5-7.

a failure to consider evidence. Plaintiff's Opening Brief at pp. 15-18 (Dec. 27, 2005) ("Plaintiff's Opening Brief"); Plaintiff's Reply Brief at pp. 2-4 (May 10, 2006) ("Plaintiff's Reply Brief").[4]

## II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

## III.    MS. HILL'S MENTAL IMPAIRMENT

As alleged by Ms. Hill, the administrative law judge erred in his evaluation of the Plaintiff's mental impairment.

When evidence of a disabling mental impairment exists, the administrative law judge must evaluate and document the limitations. *See Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1048 (10th Cir. 1993). The judge's initial duty was to determine

---

[4] Ms. Hill also alleges: (1) a lack of substantial evidence at step two; (2) an erroneous credibility determination; and (3) a failure to consider certain evidence. Plaintiff's Opening Brief at pp. 18-25; Plaintiff's Reply Brief at pp. 5-10. The Court need not consider these allegations, as they may be affected by the proceedings on remand. *See infra* pp. 6-7.

whether there was evidence of a mental impairment by evaluating the claimant's symptoms, signs, and laboratory findings. *See* 20 C.F.R. § 404.1520a (2004).[5] The regulations then required the judge to assess the severity of the mental limitations in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) deterioration or decompensation in work or work-like settings. 20 C.F.R. § 404.1520a(c)(3) (2004).[6] In the decision, the administrative law judge also had to document his finding regarding the degree of limitation in each functional area. 20 C.F.R. § 404.1520a(e)(2) (2004).

Ms. Hill alleges three errors in the administrative law judge's evaluation of the mental impairment:

- a failure to document her activities of daily living and social functioning utilizing the SSA regulatory criteria;

- a failure to assess limitations in the area of concentration, persistence, or pace; and

- a failure to consider testimony concerning functional limitations.

Plaintiff's Opening Brief at pp. 17-18; Plaintiff's Reply Brief at p. 4. The Court agrees with the Plaintiff's second and third claims.

---

[5] The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

[6] This procedure is used to rate the severity of mental impairments at steps two and three of the sequential evaluation process. *See* Social Security Ruling 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184, Westlaw op. at 4 (July 2, 1996).

The first claim does not independently require reversal. The Plaintiff presented evidence of a mental impairment. *See* Rec. at pp. 90, 97, 107, 108, 176, 209, 211, 212, 220, 225, 237, 239. As a result, the administrative law judge was required to evaluate and document the severity of the claimant's mental limitations in the four functional areas. *See supra* pp. 2-3. In doing so, the judge discussed various opinions from an examining consultative psychologist and made the following findings regarding the Plaintiff's abilities: "In addition, [Ms. Hill's] complaints of memory and concentration problems and depression have not had significant limitations on her activities of daily living or social functioning or caused any episodes of decompensation." Rec. at p. 17.

Ms. Hill complains that the judge's findings, expressed in terms of "[no] significant limitations," were inadequate under SSA regulations. Plaintiff's Opening Brief at pp. 17-18; Plaintiff's Reply Brief at p. 4. Indeed, under the pertinent regulations, the administrative law judge should have assessed the functional areas in terms of "[n]one, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4) (2004). But the Plaintiff has failed to: (1) identify material differences between the administrative law judge's findings and the criteria set forth in the regulations, and (2) show prejudice from the slightly different scale used by the judge. As a result, the Plaintiff's first claim does not require reversal. *See Branum v. Barnhart*, 385 F.3d 1268, 1272-73 n.4 (10th Cir. 2004) (no error existed based on the administrative law judge's findings expressed in terms of "slight" and "seldom" rather than use of the regulatory language).

The Court reaches a different conclusion for the Plaintiff's other claims.

First, the administrative law judge failed to assess limitations in the area of concentration, persistence, or pace. Ms. Hill testified and complained to various physicians about memory difficulties. Rec. at pp. 97, 104, 220, 261, 263. According to the Plaintiff, these problems significantly affected her concentration. *Id.* at p. 275. As a result, the administrative law judge had a duty to assess the Plaintiff's functional abilities. *See supra* pp. 2-3.[7] The administrative law judge did determine the Plaintiff's abilities in daily living and social functioning. Rec. at p. 17; *see supra* p. 4. But the judge failed to assess abilities in concentration, persistence, or pace,[8] and the omission constitutes reversible error.[9]

Second, the administrative law judge did not consider certain testimony about functional limitations. Ms. Hill testified that:

---

[7]    Limitations involving short-term memory relate to the functional domain of concentration, persistence, or pace. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C)(3) (2004) ("concentration is assessed through tasks requiring short-term memory").

[8]    The Defendant asserts: "As to [the Plaintiff's] concentration, persistence, and pace, the [administrative law judge] noted that she worked on a computer and was able to perform household chores and grocery shop." Brief in Support of the Commissioner's Decision at p. 4 (Mar. 27, 2006) (citations omitted). But the Defendant does not suggest that this discussion had constituted an assessment of the Plaintiff's abilities in concentration, persistence, or pace.

[9]    *See Hill v. Sullivan*, 924 F.2d 972, 975 (10th Cir. 1991) (*per curiam*) (ordering a remand based on the failure to follow the required procedure for evaluation of a potential mental impairment); *see also Kay v. Barnhart*, 148 Fed. Appx. 711, 715 (10th Cir. Sept. 12, 2005) (unpublished op.) (administrative law judge's failure to make findings in the four functional areas "diminishe[d] [the] court's ability to discern the [administrative law judge's] intent and reasoning at step four and to provide meaningful review"); *Chambers v. Barnhart*, 2003 WL 22512073, Westlaw op. at 3 (10th Cir. Nov. 6, 2003) (unpublished op.) (administrative law judge committed reversible error through the failure to make a specific finding regarding the plaintiff's abilities in the area of concentration, persistence, or pace).

- her memory was like "Swiss cheese," which required her to write down simple things, including her address, telephone number, and birthday;[10]

- she had difficulty with interpersonal relationships, quit going to church, and only left the house once a week;[11]

- she needed help in cooking because she forgot where things were;[12]

- she quit college partially due to her poor memory;[13]

- she seldom read a newspaper because she could not concentrate and retain information;[14] and

- the memory problems significantly affected her mental concentration.[15]

The administrative law judge failed to discuss these passages, and the omission constitutes reversible error. *See Grogan v. Barnhart*, 399 F.3d 1257, 1265-66 (10th Cir. 2005) (failure to consider the plaintiff's testimony resulted in a lack of substantial evidence to support findings concerning functional abilities).

IV.   THE PLAINTIFF'S REMAINING CLAIMS

The Plaintiff also:

- challenges the credibility findings;

---

[10]   Rec. at p. 261.

[11]   Rec. at pp. 262, 268.

[12]   Rec. at p. 263.

[13]   Rec. at p. 271.

[14]   Rec. at p. 271.

[15]   Rec. at p. 275.

- claims error in the finding that the mental impairment was not severe; and
- alleges a failure to consider certain evidence.

Plaintiff's Opening Brief at pp. 18-25; Plaintiff's Reply Brief at pp. 5-10.  These issues need not be addressed.

The suggested remand would require a reevaluation of Ms. Hill's mental impairment. *See supra* pp. 2-6.  The reassessment could affect the challenges to the administrative law judge's credibility determination and consideration of the evidence allegedly disregarded.  Accordingly, the Court will not address these claims.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

Likewise, the judge's errors prevent any meaningful review of whether the step two decision was based on substantial evidence.  *See Drapeau v. Massanari*, 255 F.3d 1211, 1213-14 (10th Cir. 2001) (holding that a reviewing court cannot meaningfully evaluate a decision when the administrative law judge fails to explain the basis for his findings).  Until the administrative law judge makes the necessary findings regarding the Plaintiff's functional limitations, the Court cannot determine whether the step two findings are supported by substantial evidence.  That determination can only be made following the remand.

V.  CONCLUSION

The Court reverses the SSA's decision and remands for further proceedings.

SO ORDERED this 31st day of May, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge